PEOPLE, PLAINTIFF AND APPELLEE, v. HERNÁNDEZ ET AL.,
DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Aguadilla in a Prosecution
for Murder.

No. 1089.—Decided July 24, 1917.

MURDER — DEGREE OF CRIME — EVIDENCE — PREMEDITATION AND DELIBERATION. —
Both the direct and circumstantial evidence in this case showed that a body
badly hacked up and eaten by dogs was found and identified; that the
death was due to violence and caused by numerous wounds inflicted with
a cane-knife and a dagger; that the defendants, one of whom was the
slain man's son who had left his home with two weapons and returned
with one only and with bloodstains on his shirt, which was washed by
his mother, were seen carrying the body of the victim by the head and
feet, he being helpless and complaining; that they inflicted wounds on
the victim with a cane-knife and a dagger and later carried the body to
the place where it was found; that they then washed their cane-knives
at the side of a stream. There was also evidence tending to show that
quarrels had occurred between father and son; that other attacks had pre-
ceded the one mentioned above; that on the day of the occurrence the vic-
tim went out to make some sales, and that the pockets of his trousers were
found turned out. Held: That the foregoing was sufficient evidence to
show the deliberation and premeditation necessary to classify the crime as
murder in the first and second degrees of which the defendants were con-
victed.

ID.—INSTRUCTIONS TO JURY—EXCEPTION—FUNDAMENTAL ERROR.—A judgment
will not be reversed for alleged errors in the instructions to the jury when
no exception is taken, unless it clearly appears that a fundamental error
was committed.

ID.—ACCOMPLICE.—The mere silence of a man who does not aid or abet and
who has no intent to aid the felon does not make him an accomplice.

The facts are stated in the opinion.

Mr. Juan B. Soto for the appellant.

Mr. Salvador Mestre, fiscal, for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

This is an appeal from a judgment of conviction of two
men, José Hernández Pérez, who was convicted of murder in
the first degree, and Juan Lallave, of murder in the second
degree. Besides proof of the finding of a body badly hacked
up and eaten by dogs and the identification of the body as
that of the man who in his lifetime had been known as Juan
Hernández, father of one of the defendants, an expert gave

testimony tending to show. that the said Juan Hernández had met a violent death by numerous blows administered on his body and especially on his chest. The principal evidence tending to convict the defendants was the testimony of Juan Hernández, *alias* Maneme. He said that on December 7, 1915, he saw José Hernández and Juan Lallave in the act of carrying the body of Juan Hernández González by the head and feet and that when the witness started to flee, defendant Juan Lallave restrained him, catching him by the neck, calling to the other defendant to kill the said witness. They spared him by reason of his entreaties, but left him "paralyzed." That thereupon José Hernández struck Juan Hernández González with his *machete* and thereafter Juan Lallave struck the victim a blow, and that the said José Hernández struck another blow, the victim being. then alive and complaining; that the two defendants laid the body close to the spot where it was found; that they cleaned their *machetes* at the edge of the stream and left them there; that they terrorized the witness into temporary silence. There was testimony tending to show that the victim was a man of disagreeable character, who lived alone and would have nothing to do. with his family; that on the day of his death he went to market to make small sales and had a little money in his pocket, and the pockets of his trousers were found turned out. There. was other testimony showing a homicide inasmuch as another youth testified that defendant José Hernández left his home with two weapons and returned with one only and. with stains on his shirt which the witness said were from blood; and that the mother of the said defendant cleaned a bloody shirt that belonged to said José Hernández. There was clear evidence of numerous blows tending to show that previous to the striking to which Maneme testified there were other attacks and that the two men were carrying their alleged victim in a helpless condition.

Let us consider the sufficiency of the proof to show the deliberation and premeditation to make the crime murder in

the first degree. The testimony of Juan Maneme is the most important to show premeditation and deliberation. His testimony is attacked, but he is supported by the wounds on the body. The jury had the right to believe him. He is supported, indeed, in another curious way. Juan Lallave took the stand in his own behalf and testified that Juan Maneme and José Hernández committed the crime, not in the woods where the body was found, but on the farm of Juan Hernández, the slain man. The defendant Lallave puts himself in the same relative position to the two alleged perpetrators of the crime that Juan Maneme had already claimed for himself, namely, that of an innocent spectator. But the said defendant had already made a statement to the *fiscal* wherein absolutely no mention was made of Maneme. There was a conflict between these two men which the jury had a right to decide, and we find there was sufficient evidence for them to do it. We are not satisfied that the motive for the crime was robbery. It may have been a quarrel. There were indications of something like a family feud in the testimony, but the fact of the protruding pockets was a circumstance that the jury had a right to consider to see if a deeper motive was attempted to be concealed. Nor is it necessary that the motive should clearly appear. Be these things as they may, the continued hacking of the body of Juan Hernández González by his son, especially in conjunction with another person, was sufficient proof not only of homicide but of murder. From the whole case the proof tends to show that Juan Maneme and Juan Lallave were present while José Hernández was hacking the body. There are two witnesses who testified to his participation in the crime.

The instructions are attacked in this case. On the question of the degree of the crime we find them ample. In other regards they are rather discursive and perhaps, if partly considered, lean a little against the defendants. At least it would be so if it were a question of merely connecting the defendants with a crime without regard to the degree of it.

There may be found in the said instructions something simi-
lar to an assumption that the defendants were the authors
of the death of Juan Hernández González. On the other
hand, no exceptions were taken. No complaint was made of
the resumé made by the court. In the cases of *People v.
Lebrón,* 23 P. R. R. 611, and *People* v. *Barrios,* 23 P. R. R.
772, we reviewed the cases and reaffirmed the principle that
we would not reverse for alleged errors in the instructions
where no exception was taken, unless we were satisfied that
a fundamental error was committed, a principle that we
again insisted on in the case of *People* v. *Ramírez de Are-
llano, ante,* p. 243. Here it is the attitude of the judge
rather than specific error. But the very instructions before
us show that the attorney for the defendants based his de-
fense principally on the ground that the crime was involun-
tary manslaughter. Hence we think, given the atmosphere
of the court-room, that the defendants have no right to com-
plain in this court by whatever supposed assumption there
was of their connection with the crime, and, as we have seen,
the court gave very careful and discriminating instructions
on the degree of the crime, and with regard to reasonable
doubt they were more favorable than the law requires.
Taking the instructions as a whole and being satisfied there
was ample proof to convict, we see no reason, in the absence
of exceptions, to reverse.

The appellants maintain that Juan Maneme should have
been corroborated because he was an accomplice. He was
in fact corroborated, but it was not shown or admitted by
him that he was an accomplice. The mere silence of a man,
who does not aid or abet and who has no intent to aid the
felon, does not make him an accomplice. 12 Cyc. 192–193.
The proper step for the defendants to take would have been
to ask the court for an instruction to the effect that the jury
should not credit the uncorroborated testimony of Juan Ma-
neme if they believed him to be an accomplice.

As to the identification of the body, this was sufficiently done by Juan Maneme, Juan Lallave and Wenceslao Gómez.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.

Mr. Justice Hutchison dissented.